
# SUPREME COURT OF ARKANSAS

**No.** CV-16-934

|  |  |
|---|---|
| | **Opinion Delivered:** April 27, 2017 |
| KEEP OUR DOLLARS IN INDEPENDENCE COUNTY AND CAROL CROSBY<br><br>APPELLANTS/CROSS-APPELLEES | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. CV-2016-182] |
| V. | |
| TRACEY MITCHELL, IN HER OFFICIAL CAPACITY AS THE INDEPENDENCE COUNTY CLERK<br><br>APPELLEE | HONORABLE TIMOTHY WEAVER, JUDGE |
| STATE OF ARKANSAS<br>INTERVENOR/APPELLEE | APPEAL AND CROSS-APPEAL DISMISSED. |
| CANDY ALLISON KONKLER<br>INTERVENOR/APPELLEE/CROSS-APPELLANT | |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellants Keep Our Dollars in Independence County ("KODIC") and Carol Crosby appeal from the Independence County Circuit Court's order affirming the Independence County Clerk's determination that KODIC's local-option petition was insufficient to be placed on the ballot. For reversal, appellants argue (1) that the circuit court had subject-matter jurisdiction of their appeal from the clerk's certification of insufficiency and (2) that the circuit court erred in finding Arkansas Code Annotated section

3-8-811(b)(6) (Supp. 2015) constitutional under Article 5, section 1 of the Arkansas Constitution.

Appellee/cross-appellant Candy Allison Konkler, who intervened in the case, also filed a cross-appeal in which she contends that KODIC's petition was fatally deficient because (1) some of the petition pages contained two notarizations and two canvasser signatures in violation of Arkansas Code Annotated section 3-8-811(b); (2) the petition form was not file marked; (3) a new petition format was submitted in the midst of the petition drive in violation of Arkansas Code Annotated section 3-8-806(d)(2) (Supp. 2015); and (4) the petition did not contain an attorney's certification as required by Arkansas Code Annotated section 14-14-915(a)(3) (Repl. 2013). Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(4) (2016). We dismiss both the direct appeal and the cross-appeal as moot.

KODIC, a local-option ballot question committee as defined in Arkansas Code Annotated section 3-8-702(7)(A) (Supp. 2015), sponsored a petition to allow Independence County voters to decide whether to permit the manufacture and sale of alcoholic beverages in the county. This "wet/dry" election was to be held during the general election on November 8, 2016. Pursuant to Arkansas Code Annotated section 3-8-803 (Supp. 2015), in order for a local-option question to appear on a county-wide ballot, the sponsor must file a petition containing the signatures of at least 38 percent of the registered voters of that county. It is undisputed by the parties that the petition in this case was required to have the signatures of at least 7,966 registered Independence County voters.

SLIP OPINION

After the signature-gathering process, KODIC filed its petition with appellee Tracey Mitchell, the Independence County Clerk, on July 22, 2016. On July 30, 2016, Mitchell issued a letter to KODIC in which she indicated that only 7,252 of the 13,008 signatures submitted had been verified and that the petition was insufficient. The letter explained that "[o]therwise valid signatures listed on petition sheets containing signatures from individuals residing outside of this county were rejected" as being in violation of Arkansas Code Annotated § 3-8-811(b)(6). This section states that a county clerk must not count any signatures on a petition part if the petition part "clearly and unmistakably contains signatures of petitioners from more than one (1) county unless each signature of a petitioner from another county is clearly stricken before the filing of the petition with the county clerk." Ark. Code Ann. § 3-8-811(b)(6).

On August 9, 2016, KODIC filed additional signatures to be added to the local-option petition pursuant to Arkansas Code Annotated section 14-14-915(e), which allows a ten-day cure period. KODIC also submitted proof demonstrating that certain signatures previously rejected by Mitchell were correct and should have been counted. Following her verification of the additional signatures, Mitchell issued a letter to KODIC on August 13, 2016, indicating that the petition fell short of the 38-percent threshold by 377 signatures. Mitchell stated in the letter that 424 otherwise valid signatures had not been counted because those signatures appeared on petition parts also containing the signature of someone outside Independence County in violation of section 3-8-811(b)(6).

KODIC filed a petition to appeal Mitchell's certification of insufficiency with the circuit court on August 15, 2016. KODIC also requested that the circuit court declare

section 3-8-811(b)(6) unconstitutional. Carol Crosby, a resident, taxpayer, and registered voter in Independence County whose valid signature was rejected under the statute, joined KODIC in the appeal. The Attorney General intervened to defend the statute's constitutionality, and Konkler, a resident and taxpayer of Independence County who opposed the local-option petition, was also granted intervention.

Following a hearing on August 23, 2016, the circuit court entered an order finding that section 3-8-811(b)(6) was constitutional. Evidence was also presented at the hearing regarding Mitchell's findings of insufficiency, and the parties were instructed to file posttrial briefs on the issue. In her posttrial brief, Konkler argued for the first time that the circuit court did not have subject-matter jurisdiction of the appeal because KODIC had not filed its appeal petition within the ten-day period set forth in Arkansas Code Annotated section 3-8-205(b) (Supp. 2015). Konkler contended that this section applied to the local-option petition in this case rather than Arkansas Code Annotated section 14-14-915 as argued by KODIC.

In its final order entered on September 7, 2016, the circuit court questioned whether it had jurisdiction but went on to address the sufficiency of the petition. Although KODIC demonstrated that three additional signatures should have been counted by Mitchell, the circuit court agreed that 424 signatures had been properly excluded pursuant to section 3-8-811(b)(6) and that the petition did not contain the required number of signatures. The court rejected Konkler's arguments that the petition contained additional defects because certain petition parts bore two separate canvasser affidavits and notarizations and the petition was not file-marked by the clerk. In addition, the court disagreed with Konkler that

KODIC had essentially restarted its signature-collection efforts by adding a second notary page to its petition form or that the petition was deficient because it lacked an attorney's certification. The circuit court affirmed Mitchell's certification of insufficiency and denied appellant's appeal petition. Appellants filed a timely notice of appeal from the circuit court's order, and Konkler filed a notice of cross-appeal.

As appellants recognize in their first point on appeal, a preliminary issue that must be resolved is whether the circuit court had subject-matter jurisdiction to hear the appeal of Mitchell's certification of insufficiency. Although the circuit court did not dismiss the appeal petition on this basis, the issue of subject-matter jurisdiction is one that we are required to raise on our own. This is because when the circuit court lacks jurisdiction, this court also lacks jurisdiction on appeal. *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, 403 S.W.3d 559. We have further held that the filing deadlines set by election statutes are mandatory and jurisdictional. *Willis v. King*, 352 Ark. 55, 98 S.W.3d 427 (2003).

Konkler argues that appellants' appeal of Mitchell's certification of insufficiency was governed by the procedures in Arkansas Code Annotated section 3-8-205, which is set out below:

> (a) If the petition is determined to be sufficient under § 3-8-801 et seq., the county clerk shall certify that finding to the county board of election commissioners, and the question shall be placed on the ballot in the county, township, municipality, ward, or precinct at the next biennial general election as provided in § 3-8-101.
> (b)(1) If an appeal is taken from the certification of the county clerk, it shall be taken within ten (10) days and shall be considered by the circuit court within ten (10) days, or as soon as practicable, after the appeal is lodged with the court.
> (2) The circuit court shall render its decision within thirty (30) days thereafter.
> (c) If an appeal is taken, the election shall be had no sooner than sixty-five (65) days after the appeal is determined, if the decision is in favor of the petitioners.
> (d)(1)(A) The decision shall be certified immediately to the county board of election commissioners, and the day for the election shall be fixed by the county

board of election commissioners for not earlier than sixty-five (65) days nor later than ninety (90) days after the certification of the decision of the circuit court.

(B) Any appeal from the final decision of the circuit court shall be taken within ten (10) days and shall be advanced and immediately determined by the Supreme Court.

(2) In that event, the county board of election commissioners may, in its discretion, delay the election until after the final decision of the Supreme Court.

(3) If the decision is in favor of the petitioners, then the county board of election commissioners shall set the day for the election, which shall be not earlier than sixty-five (65) days nor later than ninety (90) days after the final decision of the Supreme Court.

(e) Except as provided in this section, a petition for local option election shall be governed by § 7-9-101 et seq. and the Disclosure Act for Initiative Proceedings, § 3-8-701 et seq.

Pursuant to subsection (b)(1), Konkler contends that appellants were required to file their appeal with the circuit court within ten days of Mitchell's determination that the local-option petition did not contain the required number of signatures, which occurred on July 30, 2016. Because appellants did not file their appeal petition until August 15, 2016, Konkler claims that the circuit court did not have jurisdiction to hear the appeal.

Appellants argue, however, that the ten–day appeal period contained in section 3-8-205(b)(1) applies only to the county clerk's certification that a petition is sufficient. They contend that there is no provision in that statute setting forth the time to appeal from a clerk's finding of insufficiency and that these types of appeals are instead governed by Arkansas Code Annotated section 14-14-915, which discusses the requirements and procedures applicable to petitions for county initiatives and referendums. The pertinent provisions of section 14-14-915 are set forth below:

(e) Insufficiency of Petition and Recertification. If the county clerk finds the petition insufficient, within ten (10) days after the filing thereof the clerk shall notify the petitioners or their designated agent or attorney of record, in writing, setting forth in detail every reason for the findings of insufficiency. Upon notification of insufficiency of the petition, the petitioners shall be afforded ten (10) calendar days,

6

exclusive of the day notice of insufficiency is receipted, in which to solicit and add additional signatures, or to submit proof tending to show that signatures rejected by the county clerk are correct and should be counted. Upon resubmission of a petition which was previously declared insufficient, within five (5) calendar days the county clerk shall recertify its sufficiency or insufficiency in the same manner as prescribed in this section and, thereupon, the clerk's jurisdiction as to the sufficiency of the petition shall cease.

(f) Appeal of Sufficiency or Insufficiency Findings. Any taxpayer aggrieved by the action of the clerk in certifying the sufficiency or insufficiency of any initiative or referendum petition, may within fifteen (15) calendar days, but not thereafter, may file a petition in circuit court for a review of the findings.

Appellants argue that KODIC complied with the dictates of subsection (e) by utilizing the ten-day cure period in which to submit additional signatures and that they then timely appealed the clerk's August 9, 2016 recertification of insufficiency within fifteen days as required under subsection (f).

The primary rule of statutory interpretation is to give effect to the intent of the legislature. *Our Cmty., Our Dollars v. Bullock*, 2014 Ark. 457, 452 S.W.3d 552. "We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language." *Id*. at 8, 452 S.W.3d at 557. We also reconcile statutory provisions in order to make them consistent, harmonious, and sensible and to give effect to every part. *Mays v. Cole*, 374 Ark. 532, 289 S.W.3d 1 (2008). Furthermore, we will not read into a statute a provision that was not included by the legislature. *Bullock*, *supra*; *Scoggins v. Medlock*, 2011 Ark. 194, 381 S.W.3d 781.

It is apparent from the plain language of section 3-8-205 that its provisions apply only when the county clerk has certified that the local-option petition is sufficient and has indicated that it will be placed on the ballot. *See* Ark. Code Ann. § 3-8-205(a) ("If the petition is determined to be sufficient . . . the county clerk shall certify *that* finding . . . .")

(emphasis added). There is no language in the statute referring to the procedures applicable to a county clerk's determination of insufficiency. In fact, the title of the statute is "Determination of sufficiency of petition—Calling of election." Thus, appellants are correct that the ten-day appeal deadline in section 3-8-205(b)(1) did not apply to the clerk's certification of insufficiency in this case.

The parties do not point to any other statutory provisions in Chapter 8, which specifically addresses local-option petitions, that would apply to appellants' appeal to the circuit court. However, as appellants assert, we have previously held that certain provisions in section 14-14-915 are applicable to local-option cases. *See, e.g., Bullock, supra* (applying section 14-14-915(d) and (e) to a local-option petition); *Save Energy Reap Taxes v. Shaw*, 374 Ark. 428, 288 S.W.3d 601 (2008) (discussing section 14-14-915(d)). In *Bullock*, we stated that, while pre-filing requirements for local-option petitions are not governed by amendment 7 to the Arkansas Constitution, after such petitions are filed with the clerk, subsequent proceedings are conducted in the manner provided for county initiative measures under amendment 7 and its enabling acts, such as section 14-14-915. *Id.* at 18, 452 S.W.3d at 562 (citing *Dean v. Williams*, 339 Ark. 439, 6 S.W.3d 89 (1999)).

Konkler contends that section 14-14-915 no longer applies to local-option petitions following Act 1432 of 2013, which repealed Arkansas Code Annotated section 3-8-204 and its express reference to amendment 7 and its enabling acts. However, *Bullock* was decided after the 2013 amendment, and we nonetheless continued to apply the provisions in section 14-14-915 to the local-option petition in that case. Furthermore, as noted above, there are no specific statutory provisions providing for an appeal of a finding of insufficiency within

the current statutory scheme for local-option petitions or the statutes referenced therein. Accordingly, appellants timely appealed Mitchell's certification of insufficiency to the circuit court in accordance with the provisions in section 14-14-915(f); therefore, we have jurisdiction of this appeal.

In appellants' second point on appeal, they argue that the circuit court erred in finding Arkansas Code Annotated section 3-8-811(b)(6) constitutional under article 5, section 1 of our state constitution. They contend that, pursuant to this statute, Mitchell excluded from her count 424 signatures that were otherwise valid on the basis that these signatures were listed on petition sheets that also contained signatures from individuals residing outside of Independence County. Appellants assert that this court has previously found a nearly identical statutory requirement relating to statewide initiatives and referenda to be unconstitutional in *McDaniel v. Spencer*, 2015 Ark. 94, 457 S.W.3d 641.

In her brief on cross-appeal, Konkler argues that this court should decline to address the constitutionality of the statute because, even if the 424 signatures excluded pursuant to this statute were counted, KODIC's petition would still be insufficient if the signatures she challenges in her cross-appeal are struck. Thus, she contends that the issue of constitutionality is moot.

We agree that the issues raised on direct appeal and on cross-appeal are moot. KODIC was seeking to have the local-option question at issue in this case placed on the ballot in the November 8, 2016 general election, which has already occurred. We have consistently held that we will not review issues that are moot because to do so would be to render an advisory opinion. *See, e.g., Lott v. Langley*, 2013 Ark. 247; *Watts v. Searcy Cty.*

9

SLIP OPINION

*Bd. of Elections*, 364 Ark. 452, 220 S.W.3d 642 (2005). A case generally becomes moot when any judgment rendered would have no practical legal effect on a then existing legal controversy. *Lott*, *supra*. We have recognized two exceptions to the mootness doctrine for (1) issues that are capable of repetition, yet evade review, and (2) issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id*.

We do not find that either of these exceptions apply under the circumstances in this case. The parties failed to seek expedited consideration of this appeal, and the only relief requested in appellants' brief is to have the local-option petition deemed sufficient and for it to be placed on the ballot. However, the petition involved here pertained only to the November 8, 2016 general election. In addition, while appellants have also raised the issue of the constitutionality of section 3-8-811(b)(6), in order to reach this question, we would first have to determine whether article 5, section 1 of the constitution even applies to this local-option petition and whether the arguments raised in Konkler's cross-appeal render the issue of constitutionality moot. We have long held that we will not pass on constitutional questions if the litigation can be determined without doing so. *Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007); *Quinn v. Webb Wheel Prods.*, 334 Ark. 573, 976 S.W.2d 386 (1998). Because the election has already occurred, and neither party stands to gain relief based on the outcome of this appeal, we decline to address the merits of appellants' moot constitutional argument, as well as the issues raised in Konkler's cross-appeal regarding the sufficiency of the local-option petition. *See Quinn*, *supra*. Accordingly, we dismiss both the appeal and the cross-appeal.

Appeal and cross-appeal dismissed.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Clayborne S. Stone* and *John Keeling Baker*; and *Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Kenneth P. "Casey" Castleberry*, for appellants.

*Hance Law Firm*, by: *C. Eric Hance*; and *Blair & Stroud*, by: *Barrett S. Moore*, for appellees Tracey Mitchell and Candy Allison Konkler.

*Leslie Rutledge*, Att'y Gen., by: *Colin R. Jorgensen*, Ass't Att'y Gen., for appellee State of Arkansas.