RAYMOND R. ABRAMSON, Judge
A Sebastian County jury convicted appellant Reginald Crayton of first-degree domestic battering, a Class B felony, under Arkansas Code Annotated section 5-26-303(a)(5) & (b)(1) (Repl. 2013) and sentenced him to 20 years' imprisonment in the Arkansas Department of Correction. On appeal, Crayton argues that the circuit court erred by admitting evidence of his prior domestic-battering convictions during the guilt phase of the trial and by using the Arkansas model jury instruction, AMI Crim. 2610, on first-degree domestic battering. We disagree and affirm.
Crayton was charged with and convicted of first-degree domestic battering under Arkansas Code Annotated section 5-26-303(a)(5) for injuring his live-in companion and former wife, Candace Crayton. The statute requires the State to prove that (1) he committed second-or third-degree battering and that (2) he had two previous domestic-battering convictions for conduct within the ten years before the current domestic-battering offense.[1] On appeal, Crayton maintains that the circuit court erred by admitting evidence of the previous domestic-battering convictions during the guilt phase because the previous crimes are not elements of first-degree domestic battering. The State contends that he is wrong.
Both Crayton and the State agree that, specifically on this question, appellate interpretation and application of the first-degree domestic-battering statute is an issue of first impression. Appellate courts review questions of statutory interpretation de novo, as it is our responsibility to determine the meaning of a statute. See, e.g. , Buckley v. State , 349 Ark. 53, 76 S.W.3d 825 (2002). In the absence of a showing that the circuit court erred, its interpretation will be accepted as correct on appeal. Ark. Dep't of Corr. v. Shults , 2017 Ark. 300, 529 S.W.3d 628.
*546 The statute defining first-degree domestic battering provides the following:
(a) A person commits domestic battering in the first degree if:
(1) With the purpose of causing serious physical injury to a family or household member, the person causes serious physical injury to a family or household member by means of a deadly weapon;
(2) With the purpose of seriously and permanently disfiguring a family or household member or of destroying, amputating, or permanently disabling a member or organ of a family or household member's body, the person causes such an injury to a family or household member;
(3) The person causes serious physical injury to a family or household member under circumstances manifesting extreme indifference to the value of human life;
(4) The person knowingly causes serious physical injury to a family or household member he or she knows to be sixty (60) years of age or older or twelve (12) years of age or younger;
(5) The person:
(A) Commits any act of domestic battering as defined in § 5-26-304 or § 5-26-305; and
(B) For conduct that occurred within the ten (10) years preceding the commission of the current offense, the person has on two (2) previous occasions been convicted of any act of battery against a family or household member as defined by the laws of this state or by the equivalent laws of any other state or foreign jurisdiction; or
(6) With the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member by means of a firearm.
(b)(1) Domestic battering in the first degree is a Class B felony.
(2) However, domestic battering in the first degree is a Class A felony upon a conviction under subsection (a) of this section if:
(A) Committed against a woman the person knew or should have known was pregnant; or
(B) The person committed one (1) or more of the following offenses within five (5) years of the offense of domestic battering in the first degree:
(i) Domestic battering in the first degree;
(ii) Domestic battering in the second degree, § 5-26-304;
(iii) Domestic battering in the third degree, § 5-26-305; or
(iv) A violation of an equivalent penal law of this state or of another state or foreign jurisdiction.
Ark. Code Ann. § 5-26-303.
The primary rule of statutory interpretation is to give effect to the intent of the General Assembly. Keep Our Dollars in Independence Cty. v. Mitchell , 2017 Ark. 154, 518 S.W.3d 64. We first construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. Id. This court will construe a statute so that no word is left void, superfluous, or insignificant, with meaning and effect given to every word in the statute if possible. Carmody v. Raymond James Fin. Servs., Inc. , 373 Ark. 79, 281 S.W.3d 721 (2008). When the language of a statute is plain and unambiguous, conveying a clear and definite meaning, we need not resort to the rules of statutory construction. Id. A statute is ambiguous *547 only when it is open to two or more constructions or when it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. Id.
In applying these principles of statutory interpretation, we hold that it is clear that subsection (a) of the first-degree domestic-battering statute sets out the elements of the offense, while subsection (b)(2) of the statute is a sentencing enhancement based on prior domestic-battering convictions. Based on our review of the record before us, the previous offenses were elements of first-degree domestic battering, not a sentence enhancement, and were properly proved during the guilt phase of the trial. As such, the circuit court correctly admitted evidence of those elements in the guilt phase of Crayton's trial.
Moreover, the model jury instruction supports the circuit court's decision. At the conclusion of the guilt phase, the circuit court correctly instructed the jury in accordance with AMI Crim. 2d 2610 as follows:
Reginald Crayton is charged with the offense of domestic battery in the first degree. To sustain this charge, the State must prove beyond a reasonable doubt that, first, Reginald Crayton on April 6, 2016, with the purpose of causing physical injury to Candace Crayton, a family or household member, caused physical injury to her, and, second, that Reginald Crayton has been convicted on two previous occasions of battery against a family or household member in Arkansas and these acts of battery occurred within 10 years of April 6, 2016.
The model jury instructions are presumed to be the correct statement of the law. E.g. , State v. Sola , 354 Ark. 76, 87, 118 S.W.3d 95, 100 (2003) ("[O]ur holdings have created a presumption that the model instruction is a correct statement of the law."). "Instructions that do not conform to the model instructions should be given only when the trial judge finds the model instructions do not accurately state the law or do not contain a necessary instruction on the subject." Fronterhouse v. State , 2015 Ark. App. 211, at 16-17, 463 S.W.3d 312, 322. Here, AMI Crim. 2d 2610 reflects the language of section 5-26-303(a)(5). Crayton has not rebutted the presumption that the model instruction accurately states the law. Accordingly, we affirm.
Affirmed.
Vaught and Hixson, JJ., agree.

The State also charged Crayton with a subsequent-offense-penalty enhancement under section 5-26-303(b)(2)(B) (Repl. 2013) for committing domestic battering within five years of the first-degree domestic battering charge based on his 2009 and 2012 third-degree domestic-battering convictions. However, the jury was not instructed on the sentence enhancement during the sentencing phase of the bifurcated proceeding because the judgment for the 2012 conviction did not reflect the date of the offense.