Cite as 2024 Ark. 152
# SUPREME COURT OF ARKANSAS
No. CV–24–674

|  |  |
|---|---|
|  | **Opinion Delivered:** October 17, 2024 |
| FRANK BARTON, ANITA BELL, AND JAMES PULLIAUM, IN THEIR OFFICIAL CAPACITIES AS THE CRITTENDEN COUNTY BOARD OF ELECTION COMMISSIONERS<br>APPELLANTS | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CV-24-894] |
| V. | HONORABLE CHRIS THYER, JUDGE |
| SHIRLEY P. BROWN AND LAVONDA L. TAYLOR<br>APPELLEES | <u>AFFIRMED AS MODIFIED ON DIRECT APPEAL; REVERSED ON CROSS-APPEAL</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellants Frank Barton, Anita Bell, and James Pulliaum, in their official capacities as the Crittenden County Board of Election Commissioners (Board),[1] appeal from the Crittenden County Circuit Court's order granting in part the petition filed by appellees Shirley Brown and Lavonda Taylor and ordering the Board to conduct early voting at the Seventh Street Church of Christ in West Memphis (the Church of Christ) for the 2024 General Election. For reversal, the Board argues that the circuit court erred by (1) finding that the Crittenden County Clerk had the authority under Arkansas Code Annotated section 7-5-418(a)(1)(A) (Supp. 2023) to designate the Church of Christ as an early voting site, and

---

[1]Barton and Bell are the Republican representatives on the three-member Board, and Pulliaum is the Democratic representative.

(2) granting a writ of mandamus directing the Board to conduct early voting at that location in the same manner as it had conducted early voting in the previous general election. Appellees have cross-appealed and argue that the circuit court erred in not directing the Board to also conduct early voting at the First Baptist Church of West Memphis (the First Baptist Church). We affirm as modified on direct appeal and reverse on cross-appeal.

On September 19, 2024, appellees filed a petition for writ of mandamus, declaratory judgment, and injunctive relief against the Board and Crittenden County.[2] Appellees alleged that they were registered to vote in Crittenden County and that they intended to vote early in the 2024 General Election. According to the petition, the Board held meetings on August 23 and September 3, 2024, during which early voting locations were discussed for the upcoming general election. At the first meeting, Board Chair Barton proposed to hold early voting in West Memphis at the West Memphis Library. Commissioner Bell seconded this motion. Commissioner Pulliaum expressed concerns about the suitability of the library, such as limited parking and insufficient space to accommodate electioneering by the candidates. He instead proposed that early voting be held at the Church of Christ. The Board voted 2–1 to hold early voting at the library, with Pulliaum voting against it. Because the vote was not unanimous as required by statute, it failed.[3]

At the next meeting on September 3, Barton asked Pulliaum if he desired to change his vote, but Pulliaum declined. Barton then declared that there would be no early voting

---

[2]Crittenden County is not a party to this appeal.

[3]The Board did unanimously vote to establish an early voting location in Marion at the Marion Arena.

2

location in West Memphis for the 2024 General Election. The next day, the chair of the Crittenden County Democratic Party emailed Barton, advising him that Pulliaum wanted to change his vote to approve the library as an early voting location and asking Barton to call an emergency meeting for that purpose. Barton did not do so. After being advised that the Board had not approved a polling site in West Memphis for early voting, Crittenden County Clerk Paula Brown wrote a letter to the Board on September 5, 2024, stating that she was designating the Church of Christ as an early voting site pursuant to Ark. Code Ann. § 7-5-418(a)(1)(A). Brown asked the Board to select the required number of poll workers to operate the site.

Appellees alleged that, in addition to Brown's designated early voting location, Arkansas Code Annotated section 7-5-101(d) (Supp. 2023) provides that polling sites for each election shall be the same as those established for the immediately preceding general election unless changed by order of the county board of election commissioners. Appellees claimed that because the Board had not unanimously voted to establish a new early voting location, the First Baptist Church, which was used for this purpose in the 2022 General Election, should remain an early voting site for the upcoming election. Appellees asked the circuit court to declare that early voting shall be held at the First Baptist Church and the Church of Christ; declare that the Board's determination that no early voting will be held in West Memphis is unlawful; order the Board to perform its duties, prepare the election materials, seek poll workers, and perform all other administrative obligations necessary to conduct early voting at these two locations; and order appellants to direct their staff to assist in carrying out these orders. Appellees also requested that the circuit court proceedings be

3

expedited, and they filed an accompanying motion for a temporary restraining order and preliminary injunctive relief, claiming that the Board was not currently preparing or making arrangements for early voting in West Memphis.

The circuit court held hearings on appellees' petition and motion on September 23 and 25, 2024. Pulliaum testified that early voting had been held at the First Baptist Church in West Memphis in 2022 and that the Board had not since voted to change or remove it as an early voting location. He indicated that he had voted no to establishing the West Memphis Library as an early voting site due to his concerns about electioneering and because he had another location, the Church of Christ, in mind. Pulliaum admitted that he did not formally move for a vote on this alternate location. He stated that, at the time, he did not understand that there would be no early voting site in West Memphis if he did not agree to use the library. He testified that he contacted Barton after the September 3 Board meeting to tell him that he wished to change his vote, but Barton did not call another meeting. Pulliaum stated that, to his knowledge, the Board had not made any preparations for early voting in West Memphis, despite Brown's September 5 letter notifying the Board that she had designated the Church of Christ as an early voting location. Videos of the August 23 and September 3, 2024 Board meetings were also introduced into evidence.

Brown testified that it is her duty as county clerk to conduct early voting, in coordination with the Board and other staff. She stated that early voting was conducted in West Memphis at the First Baptist Church during the 2022 General Election, and in 2020, it was held at the West Memphis Civic Center. She stated that, prior to 2020, early voting occurred only at the courthouse in Marion. Brown testified that, after the Board failed to

4

approve an early voting location in West Memphis for the 2024 General Election, she was concerned about the inconvenience to Crittenden County voters given the population size of West Memphis. She stated that she had also received calls from concerned citizens. So she decided to write the letter to the Board declaring the Church of Christ as the county clerk's designated early voting site. Brown explained that the courthouse in Marion is not suitable as an early voting location because the only handicapped access to the clerk's office is via an elevator in the basement; however, the basement often floods when it rains, rendering the elevator inoperable.

Barton testified that he had been a member of the Board since 2015 and that he was currently the chairperson. He confirmed that the Board had failed to unanimously approve the West Memphis Library as an early voting location and that he had therefore declared that there would be no early voting in West Memphis for the 2024 General Election. Barton stated that, based on his training and experience, he understood that an affirmative vote was required by the Board for it to establish an early voting location for each general election. While he acknowledged Brown's letter designating the Church of Christ as an early voting site, Barton opined that she did not have the authority to set an early voting location outside the county seat, which was in Marion. He therefore testified that, as the chair of the Board, he did not intend to staff or provide any resources for early voting at the Church of Christ.

The circuit court allowed appellees to amend their petition to conform to the proof presented at the hearing regarding Barton's refusal to provide resources for early voting in West Memphis. Appellees filed an amended petition on September 26, 2024, adding this factual allegation as well as citations to statutory duties of the Board with regard to early

5

voting. The circuit court entered an order on September 30, 2024, granting in part and denying in part appellees' petition. The court denied appellees' request for an order compelling the Board to conduct voting at the First Baptist Church, which was an early voting location in 2022. The court found that section 7-5-101(d), the statutory provision relied on by appellees, applied only to day-of voting rather than early voting. The circuit court agreed with appellees, however, that the county clerk had the authority to designate the Church of Christ as an early voting site pursuant to section 7-5-418(a)(1)(A). The court therefore ordered the Board "to conduct early voting at the Seventh Street Church of Christ in West Memphis for the 2024 General Election in the same or substantially the same manner as early voting was conducted at First Baptist Church (West Memphis) for the 2022 General Election[,]" and to "comply with all appli[c]able Arkansas law concerning voting by the citizens of Crittenden County applicable to early voting including, without limitation, Ark. Code Ann. §§ 7-5-211; 7-4-109; 7-5-202; 7-5-416; 7-5-418; 7-5-413; and 7-4-107 together with all applicable rules, regulations and guidance promulgated by the State Board of Election Commissioners not in conflict with this Order." The Board filed a timely notice of appeal from the circuit court's order, and appellees filed a notice of cross-appeal. The Board filed a motion requesting expedited consideration of its appeal, which we granted on October 9, 2024.[4]

---

[4]The Attorney General, on behalf of the State of Arkansas, filed a motion for permission to file an amicus curiae brief in support of the Board, which we granted. Appellees have filed a motion to strike the amicus curiae brief, to order the Attorney General and his staff disqualified from the case, or in the alternative, to file appellees' reply to the amicus curiae brief. We deny appellees' motion.

*Direct Appeal*

In its first point on appeal, the Board argues that the circuit court erred by finding that Brown, as the Crittenden County Clerk, had the authority under Ark. Code Ann. § 7-5-418(a)(1)(A) to designate the Church of Christ as an early voting site. We review issues of statutory interpretation de novo, as it is for this court to determine what a statute means. *Mississippi Cnty. v. City of Blytheville*, 2018 Ark. 50, 538 S.W.3d 822. The primary rule of statutory interpretation is to give effect to the intent of the legislature. *Keep Our Dollars in Independence Cnty. v. Mitchell*, 2017 Ark. 154, 518 S.W.3d 64. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Harris v. Crawford Cnty. Bd. of Election Comm'rs*, 2022 Ark. 160, 651 S.W.3d 703. Statutory language is ambiguous if it is open to more than one construction, or if it is of such obscure and doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.* When a statute is ambiguous, this court must interpret it according to legislative intent, and our review becomes an examination of the whole act. *Ark. Dep't of Corr. v. Shults*, 2017 Ark. 300, 529 S.W.3d 628. In addition, we must look at the legislative history, the language, and the subject matter involved. *Mississippi Cnty.*, *supra*.

The pertinent provisions of section 7–5–418 are set forth below:

(a)(1)(A) Except as provided in subdivision (a)(1)(B) of this section, *early voting shall be available to any qualified elector who applies to the county clerk's designated early voting location*, beginning fifteen (15) days before a preferential primary or general election between the hours of 8:00 a.m. and 6:00 p.m. Monday through Friday and 10:00 a.m. and 4:00 p.m. Saturday and ending at 5:00 p.m. on the Monday before the election.

(B) Early voting shall not be available on state holidays.

(2)(A) Except as provided in subdivision (a)(2)(B) of this section, on all other elections, including the general primary and general runoff elections, early voting shall be available to any qualified elector who applies to the county clerk during regular office hours, beginning seven (7) days before the election and ending on the day before the election day at the time the county clerk's office regularly closes.

. . . .

(b)(1)(A) The county board of election commissioners may decide to hold early voting at additional polling sites outside the offices of the county clerk on any of the days provided for in subsection (a) of this section, if it so chooses.

(B) The county board of election commissioners shall determine by unanimous vote the location of additional polling sites for early voting.

(2) The county board of election commissioners shall appoint the election officials for the additional early voting polling site or sites in the same manner as election officials are appointed for election day.

(3)(A) The county board of election commissioners shall notify the county clerk of its decision to hold early voting at additional polling sites outside the office of the county clerk within ten (10) days of the decision.

(B) If the county board of election commissioners decides to hold early voting at one (1) or more conveniently located polling sites on the days and times under subsection (a) of this section, the county clerk may choose not to hold early voting within the office of the county clerk. The county clerk shall notify the county board of election commissioners within ten (10) days of the receipt of notice from the county board of election commissioners regarding early voting at additional polling sites.

(Emphasis added.)

The circuit court concluded that the language in section 7-5-418(a)(1)(A) emphasized above clearly and unequivocally granted Brown the authority to designate an early voting location at the Church of Christ. We agree. The Board contends that the clerk's designated early voting location under this subdivision must be "in some area of the County Courthouse Complex in the county seat" and "not at the . . . Church of Christ in West Memphis, which is outside Marion, the county seat and location of [the] Crittenden County Courthouse and office buildings for county offices and employees." In support of its argument, the Board cites other provisions in section 7-5-418 that refer to early voting within or outside the "office" or "offices" of the county clerk, such as subdivisions (a)(2)(A),

8

(b)(1)(A), and (b)(3). However, no such limiting language is found in subdivision (a)(1)(A), the statutory provision that directly governs the authority of the county clerk to designate an early voting site before a preferential primary or a general election, and we will not add words to a statute to convey a meaning that is not there. *Ark. Voter Integrity Initiative, Inc. v. Thurston*, 2014 Ark. 43, 686 S.W.3d 477; *3 Rivers Logistics, Inc. v. Brown-Wright Post No. 158 of Am. Legion*, 2018 Ark. 91, 548 S.W.3d 137. While the Board is correct that we reconcile statutory provisions in order to make them consistent, harmonious, and sensible and to give effect to every part, there is no conflict between subdivision (a)(1)(A) and the other subdivisions cited by the Board. Section 7-5-418(a)(2)(A) pertains only to early voting during elections other than preferential primaries or general elections and therefore does not apply here. In addition, the provisions in subsection (b) govern the process for the Board to approve early voting polling sites—not the county clerk.

The Board also cites Ark. Code Ann. § 7-5-401(b) and (c) (Repl. 2018) to support its position that the clerk's designated early voting location is limited to the county courthouse or, at minimum, Marion as the county seat. These provisions provide that

> [t]he county clerk shall be furnished a suitable room at the county courthouse or other location designated for the purpose of exercising all the powers and duties concerning the application for, the issuance of, and the voting of absentee and early voting ballots required by law of the county clerk.
> (c) In counties with more than one (1) county seat, the county clerk shall conduct:
> (1) Absentee voting in the courthouse or other room provided by the county; and
> (2) Early voting at the county clerk's designated early voting location in each county seat if the county clerk conducts early voting under § 7-5-418.

Ark. Code Ann. § 7-5-401(b)–(c)(1) & (2). Again, however, neither of these provisions conflict with the plain language in section 7-5-418(a)(1)(A). Subsection (b) states that the clerk shall be furnished a suitable room at the county courthouse *or other location designated*

9

for the purposes of exercising the clerk's powers and duties concerning early voting. Also,

subsection (c) expressly applies only to counties with more than one county seat, and it is

undisputed that Crittenden County has only one county seat. Finally, the Board cites Ark.

Code Ann. § 7-5-413(a)(1) and (b) (Supp. 2023), which states:

> (a)(1) At least one (1) voting machine equipped for use by individuals with disabilities shall be placed in the county clerk's designated location for early voting for the election in accordance with this subchapter and at any off-site polling locations established by the county board of election commissioners.
> . . . .
> (b) After regular business hours, the clerk at the clerk's designated early voting location or the election official at any off-site polling place shall secure the machines against further voting at the close of each day's voting in the presence of authorized poll watchers, if any. When early voting is concluded, the clerk or the election official shall secure the machines against further voting.

While the Board claims that the references to "off-site polling locations" support its

argument that the clerk's designated early voting location must be on site at the Crittenden

County Courthouse, these provisions do not clearly conflict with or limit the plain and

unambiguous language in the specific provision that is directly on point here. Accordingly,

we affirm the circuit court's order declaring that Brown was authorized under section 7-5-

418(a)(1)(A) to designate the Church of Christ as the clerk's early voting location.[5]

The Board also argues that the circuit court erred in granting a writ of mandamus

directing it to conduct early voting at the Church of Christ "in the same or substantially the

---

[5]Even if we agree that the provisions cited by the Board render the language in section 7-5-418(a)(1)(A) ambiguous, the legislative history further supports our conclusion. Prior to 2003, the provision at issue stated that early voting was available only "during regular office hours . . . at the county clerk's office." However, Act 269 of 2003 changed this language to the "clerk's designated early voting location" and expanded the times for early voting. Thus, the General Assembly clearly intended by this change to not limit early voting conducted by the clerk to the confines of the clerk's office and its limited hours of operation.

10

same manner as early voting was conducted at First Baptist Church (West Memphis) for the 2022 General Election." The Board contends that early voting at the First Baptist Church in 2022 was approved pursuant to its discretion under section 7-5-418(b)(1)(A), while this year's designation of the Church of Christ as an early voting site was done by the county clerk under section 7-5-418(a)(1)(A). According to the Board, it will comply with its statutory responsibilities set forth in Ark. Code Ann. §§ 7-5-211(c), 7-5-202(a)(3), and 7-5-413. However, it asserts that it has no responsibility to perform the duties of the county clerk with regard to absentee ballots or early voting at the clerk's designated location, as contained in Ark. Code Ann. §§ 7-5-416, 7-5-418(a)(1)(A), and 7-4-107.

We have held that the purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Jefferson Cnty. Election Comm'n v. Wilkins ex rel. Jefferson*, 2018 Ark. 184, 547 S.W.3d 58. A petitioner requesting the writ must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id*. We review a circuit court's order granting or denying a petition for writ of mandamus under the abuse-of-discretion standard. *City of N. Little Rock v. Pfeifer*, 2017 Ark. 113, 515 S.W.3d 593.

While the circuit court did not abuse its discretion in granting a writ of mandamus on the basis of the county clerk's clear authority to designate an early voting location at the Church of Christ, we agree that the court erred to the extent that it ordered the Board to assume any statutory duties that are typically the responsibility of the clerk. We therefore modify the writ of mandamus to reflect that the Board must only comply with the statutory

11

duties and responsibilities otherwise required of it with regard to early voting conducted by the county clerk. Thus, on direct appeal, we affirm as modified.

*Cross-Appeal*

Appellees have also cross-appealed from the circuit court's denial of their request to order the Board to conduct early voting at the First Baptist Church. Relying on Ark. Code Ann. § 7-5-101(d)(1), appellees argue that because the Board did not vote to change the early voting site it had previously approved for the 2022 General Election, which was at the First Baptist Church, this location must remain an early voting location for the 2024 General Election. Appellees therefore contend that we should reverse this portion of the circuit court's order.

Section 7-5-101(d)(1) provides that, "[e]xcept for school elections under § 6-14-106, the polling sites for each election shall be the same as those established for the immediately preceding general election unless changed by order of the county board of election commissioners." Arkansas Code Annotated section 7-1-101(29) (Supp. 2023) defines a "polling site" as "a location selected by the county board of election commissioners where votes are cast[.]" As appellees assert, this statutory definition clearly encompasses early voting sites.[6] Furthermore, there is no language in section 7-5-101(d)(1) limiting its application only to day-of polling sites. While the circuit court found that the statutory language in this subdivision is clear and unambiguous on its face, the court nonetheless found a latent ambiguity when applying it to the facts of this case. Specifically, the Board argued, and the

---

[6]The dissenting opinion attempts to distinguish between "polling site" and an "early voting location." However, this is simply not supported by the statutory definition. Thus, it is the dissent that fails to read and abide by the plain and unambiguous text in its analysis.

12

circuit court agreed, that in order to read section 7-5-101(d)(1) in harmony with the provisions in section 7-5-418(b) giving the Board discretion to approve any additional early voting locations beyond the ones designated by the county clerk, section 7-5-101(d)(1) must be interpreted to apply only to day-of polling sites.

We disagree that the language in sections 7-1-101(29) and 7-5-101(d)(1) conflicts with the provisions in section 7-5-418(b). Rather, these provisions can be harmonized with each other. Pursuant to section 7-5-418(b)(1), the Board may decide to hold early voting at additional polling sites outside the one designated by the county clerk, if the Board chooses, by unanimously voting to establish additional polling sites. Once these additional early voting sites are established, however, they remain the same for subsequent general elections unless the Board votes to change the polling sites, as provided in section 7-5-101(d)(1). This interpretation is consistent with the plain and unambiguous language in each statutory provision at issue and with our primary rule of statutory construction, which is to give effect to the intent of the General Assembly. *Mitchell*, *supra*. Because the evidence presented in this case was clear that the Board did not vote to change the additional polling location it established for early voting in 2022 at the First Baptist Church, it remains an early voting site for the 2024 General Election. We therefore reverse the circuit court's denial of this portion of appellees' petition.

Affirmed as modified on direct appeal; reversed on cross-appeal.

Mandate to issue immediately.

WOOD, WOMACK, and WEBB, JJ., concur in part and dissent in part.

13

**RHONDA K. WOOD, Justice, concurring in part and dissenting in part.** I concur with the majority on direct appeal and dissent on cross-appeal. On direct appeal, I agree that, in this case, the county clerk had statutory authority to designate an early-voting location outside the clerk's office. But I rely on a different statutory provision from that of the majority. This provision allows the county clerk to select an off-site early-voting location when the county board of election commissioners has decided to hold early voting at a polling site of its choosing. Here's how the statute reads in relevant part:

> If the county board of election commissioners decides to hold early voting at one (1) or more conveniently located polling sites on the days and times under subsection (a) of this section, the county clerk may choose not to hold early voting within the office of the county clerk.

Ark. Code Ann. § 7-5-418(b)(3)(B) (Supp. 2023).

Here, the Crittenden County Board of Election Commissioners chose the Marion Arena as an early-voting location by unanimous vote. As a result, the Crittenden County Clerk had statutory authority to pick a single off-site voting location, designated here by the clerk as the Seventh Street Church of Christ in West Memphis. I would therefore affirm the circuit court's order on this point, but for a different reason from the majority.

On cross-appeal, I disagree with the majority that the circuit court erred when it refused to name the First Baptist Church of West Memphis as an early-voting location for the 2024 general election. Arkansas law provides that a polling site will remain at the same location as the previous general election "unless changed by order of the county of board election commissioners." Ark. Code Ann. § 7-5-101(d)(1). The statutory definition of polling site includes early-voting locations. Ark. Code Ann. § 7-1-101(29).

Crittenden County held early voting during the 2022 general election at the First Baptist Church. But in my view, the Board took sufficient steps to change Crittenden County's early-voting sites for 2024, effectively revoking First Baptist Church's status from 2022. Namely, during its August and September 2024 meetings, the Board agreed to unanimously designate the Marion Arena as an early-voting location but could not unanimously agree to designate the West Memphis Library. These votes by the Board constituted an order changing the early-voting sites for 2024—no further action was needed to remove the First Baptist Church from the slate of early-voting locations. I would therefore affirm the circuit court's order denying relief on this point.

**SHAWN A. WOMACK, Justice, concurring in part and dissenting in part.** I agree with the majority that the circuit court's ruling should be affirmed on direct appeal. However, I write separately because the appropriate disposition of the cross-appeal is likewise to affirm the circuit court's ruling.

The Appellees in this case, Shirley Brown and Lavonda Taylor, filed a cross-appeal. On cross-appeal, they allege that the circuit court erred in finding that early voting will not be held at the First Baptist Church of West Memphis for the 2024 General Election. The Cross-Appellants claim, "because the Board had not unanimously voted to establish a new early voting location, the First Baptist Church, which was used for this purpose in 2022, should remain an early voting site for the upcoming election." Maj. Op. at 3, ¶ 2. The Board admits this was done pursuant to its discretionary authority under Arkansas Code Ann. § 7-5-418(b)(1)(A). *Id*. at 11, ¶ 1. This subchapter of the code is titled "early voting."

15

Nevertheless, according to the Cross-Appellants and the Majority, Arkansas Code Ann. §

7-5-101(d) requires that early voting be conducted at the First Baptist Church of West

Memphis because "once these additional early voting sites are established, however, they

remain the same for subsequent general elections unless the Board votes to change the

polling sites, as provided in section 7-5-101(d)(1)." *Id*. at 13, ¶ 2. This subchapter of the

code is titled "Precinct boundaries, polling sites, and vote centers--Establishment and

alteration."[1]

Arkansas Code Annotated section 7-5-101 provides in relevant part:

(a)(1) The county board of election commissioners **shall:**
(A) Establish election precincts; and
(B)(i) **Designate a polling site** for each precinct.
(ii) A polling site may serve two (2) or more precincts, including parts of precincts.
(2) Except as provided in § 6-14-106, the designation of polling sites shall be by a unanimous vote of the members of the county board of election commissioners present.
(d)(1) Except for school elections under § 6-14-106, **the polling sites for each election shall be the same** as those established for the immediately preceding general election unless changed by order of the county board of election commissioners.
A.C.A. § 7-5-418(b)(1)(A) provides:
The county board of election commissioners **may** decide to hold early voting at additional polling sites outside the offices of the county clerk on any of the days provided for in subsection (a) of this section, **if it so chooses**.

Given the relevant provisions above, I simply disagree with the way in which the

majority "harmonizes" these two statutes. In the same vein, I disagree with its use of the

---

[1]The title of each subchapter, while not controlling, is particularly useful in determining when each of these two provisions apply. *See, e.g.*, Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts, 221 (2012) (citing *INS v. Nat'l Ctr. For Immigrants' Rights, Inc.*, 502 U.S. 183, 189 (1991) ("the title of a statute or section can aid in resolving an ambiguity in the legislation's text").

terms "early voting location" and "polling site" synonymously. While these terms may have some overlap, the Arkansas code clearly distinguishes the two terms and treats them differently. So should we.

We construe statutes so that, if possible, every word is given meaning and effect.[2] To do so, we are required to construe statutes so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible.[3] Moreover, interpretation of a statute should not be done in a vacuum; when construing any statute, we must place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole.[4]

On the one hand, a polling site is the location where voters cast their ballots on Election Day. Polling sites are typically open only on the official day of the election. On the other hand, early voting locations are places where voters can cast their ballots before Election Day during a designated early voting period.[5] In addition to the fact that the terms "early voting location" and "polling site" are not synonymous, they are each designated in

---

[2]*Arkansas Dep't of Fin. & Admin. v. Trotter Ford, Inc.*, 2024 Ark. 31, at 14–15, 685 S.W.3d 889, 898 (Webb, J., dissenting).

[3]*Id.*

[4]*Id.*

[5]Arkansas Code Ann. § 7-1-101(29) provides, "Polling site means a location selected by the county board of election commissioners where votes are cast." If one read this definition in a vacuum, rather than referring to the entirety of the relevant statutory scheme, one might think that Ark. Code. Ann. § 7-5-101 would control over § 7-5-418, but this would be a mistake. The statutes very clearly delineate between polling sites and early voting locations.

completely different ways under the code. The Board is required under Arkansas Code Annotated section 7-5-101(b)(1) to designate polling sites because it is black letter law that the use of the word "shall" imposes a mandatory duty.[6] This contrasts with the use of the permissive word "may," in Ark. Code Ann. § 7-5-418, which grants the Board discretion to designate early voting locations.

Here, the appropriate way to harmonize these statutes is to simply read and abide by the plain and unambiguous text contained within them. For example, when the Board designates a polling site pursuant to A.C.A. § 7-5-101, which is mandatory, then that polling site will remain a polling site in subsequent elections pursuant to § 7-5-101(d)(1) unless it is "changed by order of the county board of election commissioners." If, however, the Board designates an early voting location under A.C.A. § 7-5-418(b)(1)(A), which is not mandatory, then the early voting location is not required to remain an early voting location because this is not contemplated by this specific provision of the code. Stated differently, polling sites designated by the Board pursuant to A.C.A. § 7-5-101 and early voting locations designated by the Board pursuant to § 7-5-418(b)(1)(A) are not treated the same by the code. Because A.C.A. § 7-5-418(b)(1)(A) is the more specific statute as it pertains to the facts before us, it applies to the exclusion of § 7-5-101 in the instant case.[7]

---

[6]*Slusser v. Farm Serv., Inc.*, 359 Ark. 392, 398, 198 S.W.3d 106, 111 (2004).

[7]To the extent there is any conflict between theses statutes, this likewise supports my conclusion. *See, e.g.*, *Hackie v. Bryant*, 2022 Ark. 212, 654 S.W.3d 81; *see also* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts, 183 (2012) ("If there is a conflict between a general provision and a specific provision, the specific provision prevails (*generalia specialibus non derogant*).").

18

In my opinion, this interpretation perfectly harmonizes all of the relevant provisions of the code. Thus, because the Board designated the First Baptist Church as an early voting location in 2022 pursuant to its discretionary authority under Arkansas Code Ann. § 7-5-418(b)(1)(A), the circuit court correctly found that it was not required to hold early voting at the First Baptist Church of West Memphis for the 2024 General Election. Maj. Op. at 11, ¶ 1.

For these reasons, I respectfully concur in part and dissent in part.

*Rogers & Coe, Attorneys*, by: *Joe M. Rogers*, for appellants.

*Waymack Standerfer Law*, by: *Jennifer A. Waymack Standerfer*, for appellees.

*Tim Griffin*, Att'y Gen., by: *Nicholas J. Bronni*, Solicitor Gen.; *Dylan L. Jacobs* Dep. Solicitor Gen., amicus curiae in support of appellants.