Mattie ALLISON *v.*
LEE COUNTY ELECTION COMMISSION;
Mark Smith; Pat Wilson, Individually and as Lee County Clerk;
Patsy Buford; and the City of Marianna, Arkansas,
by its Mayor, Rev. Robert Taylor

04-535                                                    198 S.W.3d 113

Supreme Court of Arkansas
Opinion delivered November 11, 2004

*Martin, Tate, Morrow & Marston, P.C.,* by: *Brian S. Miller,* for appellant.

*Daggett, Donovan, Perry & Flowers, PLLC,* by: *Robert J. Donovan,* for appellee.

TOM GLAZE, Justice. Appellant Mattie Allison is a resident of and a school teacher in Marianna. Allison has served on the Marianna City Council since January of 1993; she was first elected to Ward 4, Position 2, in 1992. Allison sought reelection as an independent candidate in 2002, filing her political practices pledge and petition for nomination with the Lee County clerk's office on

April 29, 2002. However, on her nomination petition, Allison wrote in that she sought to be placed on the ballot for Ward 4, Position 1. In a May 13, 2002, letter to the Lee County Election Commission, Lee County Clerk Pat Wilson certified that Allison had an adequate number of signatures on her petition to be placed on the November 5, 2002, general election ballot as an independent candidate for Ward 4, Position 1.

On May 30, 2002, Allison attempted to file an amended petition to run for Ward 4, Position 2; however, the clerk refused to accept and file the petition, informing Allison that the filing deadline had passed on May 20, 2002. As a result, on August 14, 2002, Allison filed suit in Lee County Circuit Court, alleging that she had made a mistake in filing for Position 1. On August 27, 2002, Allison filed an amended complaint for injunctive relief and declaratory judgment. In this complaint, she argued that Marianna's ordinance 11-13-01, setting filing deadlines for municipal elections, was void, and that her name should be placed on the ballot.

Although the trial court initially granted Allison's request for a temporary injunction, the court later set the injunction aside. The matter was then set for trial in February of 2003, but was repeatedly continued; the trial was finally held on February 17, 2004. In an order entered on March 1, 2004, the court denied Allison's complaint for injunctive relief and declaratory judgment. On appeal, Allison argues that the trial court erred in its interpretation of Ark. Code Ann. § 14-42-206 (Repl. 1998), which, in relevant part, provides filing deadlines for persons wishing to run in municipal elections as independent candidates.

We do not reach the merits of Allison's appeal because the case is moot. As a general rule, the appellate courts of this state will not review issues that are moot. *Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001). To do so would be to render advisory opinions, which we will not do. *Id.* Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* This court has recognized two exceptions to the mootness doctrine. *Id.* The first one involves issues that are capable of repetition, but that evade review, and the second one concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.*

The questions raised in Allison's appeal are moot for two reasons. First, the election she wished to challenge occurred

two years ago, in November of 2002. It is now November of 2004. While it is true that, in some election cases, this court will consider the merits of an appeal after the election has been held, it usually does so when the public interest is involved, and the issue tends to become moot before it can be fully litigated. *See, e.g., Comm. to Establish Sherwood Fire Dep't v. Hillman*, 353 Ark. 501, 109 S.W.3d 641 (2003); *Benton v. Bradley*, 344 Ark. 24, 37 S.W.3d 640 (2001). Allison does not suggest that her case falls within this exception, and we are not persuaded that an exception should be made in her case. *See Benton, supra.*

There is a second reason why Allison's appeal is moot. As mentioned above, she challenges the trial court's interpretation of § 14-42-206. In 2002, the relevant portions of that statute provided as follows:

> (a) The city or town council of any city or town with the mayor-council form of government, by resolution passed before January 1 of the year of the election, may request the county party committees of recognized political parties under the laws of the state to conduct party primaries for municipal offices for the forthcoming year. . . .

> \* \* \* \*

> (e)(1) The governing body of any first class city, second class city, or incorporated town may enact an ordinance requiring independent candidates for municipal office to file petitions for nomination as independent candidates with the county clerk no later than noon on the day before the preferential primary election.

Before the trial court and on appeal, Allison argued that the City of Marianna cannot require independent candidates to file for office on the day before the preferential primary, pursuant to § 14-42-206(e), unless the city first complies with § 14-42-206(a) and holds a preferential primary. The trial court, however, found that the procedure authorized by § 14-42-206(e) was not dependent on whether the city requested the county party committees to conduct primaries for the municipal offices.

In 2003, however, the General Assembly amended § 14-42-206. In addition to amending subsection (a), the legislature also amended the portion of the statute relevant to this appeal. Section 14-42-206(e) now provides as follows:

> (e)(1)(A) The governing body of any city of the first class, city of the second class, or incorporated town may enact an ordinance

requiring independent candidates for municipal office to file petitions for nomination as independent candidates with the county clerk:

(i) No earlier than twenty (20) days prior to the preferential primary election; and

(ii) No later than noon on the day before the preferential primary election.

(B) *The governing body may establish this filing deadline for municipal offices even if the municipal offices are all independent or otherwise nonpartisan.*

(Emphasis added.)

█ Allison's appeal is also moot because the provisions of the law she is challenging have been amended. Any opinion this court would give on the old version of the law would simply be an advisory opinion, a practice in which this court will not engage. *See Benton, supra; Cotten, supra.* In *Cotten,* this court noted that one of the mootness exceptions "concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation." Even if this court were to address the trial court's interpretation of § 14-42-206, as it stood in 2002, such an opinion would not prevent future litigation, because any challenge to § 14-42-206 in the future will involve the amended version of the statute passed in 2003. Thus, we dismiss Allison's appeal as moot.