Waco WATTS and Joshua Henley *v.*
SEARCY COUNTY BOARD of ELECTIONS
and Dufford Taylor, Chairman

05-163                                                220 S.W.3d 642

Supreme Court of Arkansas
Opinion delivered December 15, 2005

*Morgan & Tester, P.A.*, by: *M. Edward Morgan*, for appellants.

*Office of the Prosecuting Attorney*, by: *Christopher J. Acklin*, for appellee.

JIM GUNTER, Justice. This case arises from an order from the Searcy County Circuit Court, denying a petition for writ of mandamus filed by appellants, Waco Watts and Joshua Henley. Appellants sought an order from the circuit court directing appellees, Searcy County Board of Elections and Dufford Taylor, chairman (jointly Board), to place a proposed initiative on the ballot for the general election in the City of Leslie (City). Appellants appeal the circuit court's denial of their petition, and we dismiss the appeal as moot.

Watts, a citizen of Anchorage, Alaska, and Henley, a citizen of Leslie, circulated an initiative petition in the City to allow its citizens to vote on a proposed ordinance that would require the City to accept a gift of land from Watts. The petition further required that the City accept additional money for the mainte-

nance and development of the park. The proposal also requested the City to seek any grants for the development of the park and to keep funds from Watts in a separate account to ensure that the funds were used for the designated purpose of developing the park. The ballot title on the proposed measure was "Ordinance Accepting Gift of Park."

Appellants circulated the initiative petition in the City, and they obtained ninety-five signatures from citizens in support of the measure. On September 2, 2004, the initiative petition was presented to Benny Davis, City Clerk, who certified that the petition was sufficient. Davis took the petition to Wesley Smith, the Searcy County Clerk, who reviewed the signatures and checked them against a list of registered voters in the City. Smith deemed that there was an adequate number of signatures and filed the petition. Smith later notified Watts that the initiative petition did not have a valid ballot title and would not be accepted by the Board. However, Smith presented the petition to the Board for consideration. The Board met to consider the initiative petition and decided to reject the petition because, according to the testimony of Dufford Taylor, chairman of the Board, the petition's ballot title was insufficient.

On October 7, 2004, Watts and Henley filed their petition for writ of mandamus, requesting that the circuit court enter an order requiring the Board to include the initiative on the ballot for the November 2, 2004, general election in the City. Appellants also requested a temporary order precluding the Searcy County Clerk from printing any ballots for the City until the petition for writ of mandamus is decided.

The Board filed its response on October 21, 2004, alleging (1) that Watts had no standing to file a petition, as he was not a registered voter in the City, and (2) that the initiative did not have a valid ballot title because the title did not inform the voter "the full scope of the initiative being voted upon[.]" The Board asked that the circuit court deny the petition for writ of mandamus.

On October 22, 2004, the circuit court sent a letter order, denying the petition for writ of mandamus for the following three reasons: (1) the exact title was not submitted to the Board as required by Ark. Const. Art. 5, § 1; (2) a written certification pursuant to Ark. Code Ann. § 14-14-915(3) (Repl. 1998) was not made; and (3) the ballot title was insufficient, as "location[ ] and

requirements of the City with regard to the maintenance, development and other restrictions placed on the property by Mr. Watts . . ." were not included in the title. An order to that effect was entered by the circuit court on December 2, 2004. Appellants timely filed their notice of appeal on December 8, 2004.

Before we reach the merits of appellants' arguments, we now examine the issue of whether this appeal involving an election in November 2004 is moot. As a general rule, the appellate courts of this state will not review issues that are moot. *Allison v. Lee County Election Commission et al.*, 359 Ark. 388, 198 S.W.3d 133 (2004). To do so would be to render advisory opinions, which we will not do. *Id.* Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* We have recognized two exceptions to the mootness doctrine. *Id.* The first exception involves issues that are capable of repetition, yet evading review, and the second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.*

The questions raised in appellants' appeal are moot for two reasons. First, we find nothing in the record that the parties requested expedited consideration of this case. Here, the election for which the initiative petition was circulated took place over one year ago on November 2, 2004. In appellants' petition for writ of mandamus, they request that the circuit court "enter an order requiring the Searcy County Board of Elections to include the initiative on the ballot for the November 2, 2004, general election in the City [of] Leslie, for a temporary order precluding the Searcy County Clerk from printing any ballots for the City of Leslie until this petition is decided . . . [.]" Appellants' prayer for relief in their petition for writ of mandamus renders the matter moot.

Second, the issues do not raise considerations of substantial public interest which, if addressed, would prevent future litigation. *See Allison, supra.* While it is true that, in some election cases, we will consider the merits of an appeal after the election has been held, we usually do so when the public interest is involved. Appellants do not suggest that their case falls within this exception, and we are not persuaded that an exception should be made in this case. Any review of appellants' initiative petition would not only be untimely, but would also constitute an advisory opinion. We

have often said that we do not render advisory opinions. *Benton v. Bradley*, 344 Ark. 24, 37 S.W.3d 640 (2001).

Thus, for the foregoing reasons, we dismiss appellants' appeal as moot.