2017 Ark. 346

**John E. KIESLING, Jr., Appellant**

v.

**ARKANSAS PROFESSIONAL BAIL ASSOCIATION, Appellee**

No. CV–16–1072

Supreme Court of Arkansas.

Opinion Delivered: December 7, 2017

John E. Kiesling, Jr., pro se appellant.

Stuart Vess, for appellee.

COURTNEY HUDSON GOODSON, Associate Justice

Appellant John E. Kiesling, Jr., appeals from the Pulaski County Circuit

Court's dismissal of his complaint challenging the constitutionality of Act 36 of 2011, which amended Arkansas Code Annotated section 17–19–402 to authorize appellee, the Arkansas Professional Bail Association ("APBA"), to establish continuing-education programs and fee schedules for bail bondsmen. For reversal, Kiesling argues that the circuit court erred by finding that he lacked standing to bring his claims and by dismissing his complaint with prejudice. We dismiss the appeal as moot.

In 2011, Arkansas Code Annotated section 17–19–402 was amended to provide the following with respect to continuing education programs for bail bondsmen:

(a)(1) The Arkansas Professional Bail Association on an annual basis shall solicit proposals from education provider applicants that are approved by the State Board of Private Career Education as education providers, and the Arkansas Professional Bail Association will submit the approved providers to the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board for final approval.

(2) Upon review of the proposals, the association shall designate an entity or entities to establish an educational program for professional bail bondsmen that will enable bail bondsmen to meet the prelicense and continuing education requirements of § 17–19–212 and § 17–19–401 et seq.

(b)(1) The association or its designee shall establish a schedule of fees to be paid by each bail bondsman for the educational training.

(2) The schedule of fees submitted by the association shall be subject to approval of the board.

Act of February 16, 2011, No. 36, § 1, 2011 Ark. Acts 95. Prior to the 2011 amendment, the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board ("Board") was responsible for soliciting the proposals from education-provider applicants and establishing a schedule of fees for the educational training.

On October 31, 2014, Kiesling filed suit against the APBA, and his fourth amended complaint, the operative complaint at issue, was filed on June 22, 2015. Kiesling alleged that he was a licensed bail-bond agent and that, since 2011, he had been required to pay an annual-registration and education fee of $100 to APBA, a private nonprofit organization, in order to maintain his license. According to the allegations in Kiesling's complaint, the 2011 amendment to section 17–19–402 was an illegal exaction prohibited by article 16, section 13 of the Arkansas Constitution, and a special law in violation of article 5, section 25 of the Arkansas Constitution. Kiesling further asserted that section 17–19–402 was unconstitutionally vague. He sought a declaratory judgment that section 17–19–402, as amended, was unconstitutional and an injunction prohibiting the APBA from collecting the annual fee.

The APBA filed an answer and a motion to dismiss on July 16, 2015, asserting that Kiesling was not the real party in interest and that he lacked standing to bring his claims. Kiesling added the Board, the Arkansas State Board of Private Career Education, and the Attorney General as defendants. However, on August 3, 2015, the circuit court entered an order granting a motion to dismiss filed by these separate defendants. On July 14, 2015, the circuit court denied the APBA's motion to dismiss based on standing.

A bench trial was held on June 23, 2016. At the conclusion of Kiesling's case, the APBA made an oral motion for a directed verdict, again arguing that Kiesling lacked standing. The circuit court instructed the parties to file a written directed-verdict motion and responses. The APBA's motion

was filed on July 15, 2016, and Kiesling filed a response on July 25, 2016, and an amended response on August 22, 2016. Following a reply by the APBA and a final response by Kiesling, the circuit court entered an order on September 13, 2016, granting the APBA's motion and dismissing Kiesling's complaint with prejudice. Kiesling filed a timely notice of appeal from the order.

■ On appeal, Kiesling argues that the circuit court erred by dismissing his complaint. He contends that the court lacked jurisdiction to enter its order more than thirty days after the directed-verdict motion had been filed and that the court was also incorrect in determining that he lacked standing to bring his claims. Kiesling continues to assert that Arkansas Code Annotated section 17–19–402, as amended by Act 36 of 2011, is unconstitutional. In addition to his illegal-exaction, special-laws, and vagueness claims, Kiesling further argues that the amended statute is a violation of the separation-of-powers provision in article 4, sections 1 and 2 of the Arkansas Constitution; an unlawful delegation of legislative power; a violation of Amendment 34 to the Arkansas Constitution; a violation of his right to free association pursuant to article 2, sections 4 and 6 of the Arkansas Constitution and the First Amendment to the United States Constitution; a violation of the equal protection clause contained in article 2, section 3 of our state constitution and the Fourteenth Amendment to the federal constitution; and a violation of the Arkansas Civil Rights Act, Arkansas Code Annotated section 16–123–106. Kiesling indicates in his brief that he is waiving any damages that may be awarded. He instead prays that this court declare section 17–19–402, as amended, unconstitutional and that the legislature correct the statute or return it to its pre–2011 version.

Although neither party raises this issue, section 17–19–402 was amended during the 2017 legislative session. Act 917 of 2017 removed the involvement of the APBA from the statute, which now provides that:

(a)(1) The Professional Bail Bond Company and Professional Bail Bondsman Licensing Board on an annual basis shall solicit proposals from education providers.

(2) Upon review of the proposals, the board shall designate an entity or entities to establish an educational program for professional bail bondsmen that will enable bail bondsmen to meet the prelicense and continuing education requirements of § 17–19–212 and § 17–19–401 et seq.

(b) The board shall establish a schedule of set fees to be paid by each bail bondsman for the educational training.

Ark. Code Ann. § 17–19–402 (Supp. 2017). Thus, Kiesling's claims regarding the 2011 amendment of the statute are now moot.

■ We have consistently held that we will not review issues that are moot because to do so would be to render an advisory opinion. *See, e.g., Keep our Dollars in Independence Cty. v. Mitchell,* 2017 Ark. 154, 518 S.W.3d 64; *Lott v. Langley,* 2013 Ark. 247, 2013 WL 2460130; *Ark. Dep't of Corr. v. Williams,* 2009 Ark. 523, 357 S.W.3d 867. A case generally becomes moot when any judgment rendered would have no practical legal effect on a then existing legal controversy. *Mitchell, supra.* When, as here, a statute is amended in such a way as to eliminate the controversy between the parties while the appeal is pending, we have held that the appeal is rendered moot. *Williams, supra; Warren Wholesale Co. v. McLane Co.,* 374 Ark. 171, 286 S.W.3d 709 (2008); *Allison v. Lee Cty. Election Comm'n,* 359 Ark. 388, 198

S.W.3d 113 (2004). In *Allison*, we explained that "[a]ny opinion that this court would give on the old version of the law would simply be an advisory opinion, a practice in which this court will not engage." 359 Ark. at 391, 198 S.W.3d at 115.

Pursuant to the 2017 amendment to section 17–19–402, the APBA is no longer responsible for establishing continuing education programs and fee schedules for bail bondsmen. Thus, Kiesling has received all of the relief that he has requested, and the arguments he raises on appeal with respect to the APBA are moot. We therefore dismiss the appeal.

Appeal dismissed.