Cite as 2023 Ark. 70

# SUPREME COURT OF ARKANSAS
**No.** CV-22-685

| | |
|---|---|
| | **Opinion Delivered:** April 27, 2023 |
| KRISTINA GULLEY <br><br> APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS *EX REL.* LARRY JEGLEY, SIXTH JUDICIAL DISTRICT PROSECUTING ATTORNEY; AND PULASKI COUNTY, ARKANSAS, *EX REL.* BARRY HYDE, PULASKI COUNTY JUDGE <br><br> APPELLEES | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-22-4150] <br><br> HONORABLE MORGAN E. WELCH, JUDGE <br><br><br> <u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant, Kristina Gulley, appeals the Pulaski County Circuit Court's July 22, 2022 interlocutory order granting a preliminary injunction enjoining her from exercising any powers as a justice of the peace or participating in the Pulaski County Quorum Court or its committees as a justice of the peace. For reversal, Gulley argues that (1) the issue of her removal from office could and should have been addressed in an earlier, related case, and (2) the circuit court abused its discretion by granting the injunction when the evidence to warrant such relief was insufficient. We affirm.

Gulley was elected justice of the peace for District 10 in Pulaski County in 2020 and assumed office in January 2021. She filed for reelection in 2022. On May 2, 2022, Henry and Detrice Robinson filed a petition for writ of mandamus and for declaratory judgment

alleging that Gulley had been convicted of hot-check charges in 1997 and 2003, and that she was therefore ineligible to be a candidate for reelection. The Robinsons named Gulley and the Pulaski County Board of Election Commissioners as respondents. On May 10, 2022, the circuit court entered an order finding that Gulley had been convicted of two misdemeanor violations of Arkansas Code Annotated section 5-37-302 that were disqualifying "infamous crimes" as set forth in Ark. Const. article 5 section 9. The circuit court granted the petition and found Gulley ineligible to hold the office of justice of the peace and ineligible to file for or to seek reelection to that office. It further ordered the Pulaski County Board of Election Commissioners to not certify Gulley as a candidate, to annul any such certification, and to not count any votes cast for Gulley. *See Robinson v. Gulley*, No. 60CV-22-2813 (*Gulley I*).

Gulley did not appeal that order. However, the petitioners filed a motion to reconsider the court's order for the limited purpose of considering Gulley's removal from office. Pulaski County moved to intervene and argued that the circuit court should clarify Gulley's status. On June 2, 2022, the circuit court granted Pulaski County's motion to intervene and denied the petitioners' request to reconsider and declare a vacancy.

On June 28, appellees State of Arkansas, through Pulaski County Prosecuting Attorney Larry Jegley, and Pulaski County, through Pulaski County Judge Barry Hyde, filed a petition "for protection against usurpation of office, or in the alternative for writ of quo warranto, for the recovery of fees and emoluments of office, and for declaratory judgment." Appellees brought their petition pursuant to Arkansas Code Annotated section 16-118-105 (Repl. 2016), which provides in relevant part that

2

(b)(1) Whenever a person usurps an office or franchise to which he or she is not entitled by law, an action may be instituted against him or her, either by the state or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise.

(2) A person who continues to exercise an office after having committed an act, or omitted to do an act, of which the commission or omission, by law, created a forfeiture of his or her office, shall be subject to be proceeded against for a usurpation thereof.

(3)(A) It shall be the duty of the prosecuting attorney to institute the actions mentioned in this section against all persons who usurp county offices or franchises where there is no other person entitled thereto or the person entitled fails to institute the action for three (3) months after the usurpation.

Appellees sought Gulley's removal from office, the return of salary and benefits paid to her during the time that she served as justice of the peace, and a declaration that Pulaski County properly withheld compensation after it became aware of her ineligibility. Also on June 28, appellees filed a motion for a temporary restraining order seeking to prohibit Gulley from exercising any powers of office pending resolution of the underlying suit.

The circuit court held a hearing on the motion on July 20. At the hearing, Justin Blagg testified that he served as parliamentarian for the Pulaski County Quorum Court and in his opinion, if an ineligible person participated as a justice of the peace, it could open anything the quorum court did to challenge. He said it could also create a procedural "nightmare" and stall economic projects, adoption of policies, creation of positions or passage of a budget. David Dallas, an investigator for the Pulaski County Prosecuting Attorney's office, testified that he reviewed an Arkansas State Police criminal history report that Gulley provided as an exhibit. That report showed that no criminal history was found for Gulley. Dallas said that such reports should "go back" three years for felonies, but he was not sure about the time frame for misdemeanors. He also said that case records are not

3

always reported. Dallas acknowledged that, of the hundreds of background checks he has seen in his role as an investigator, fewer than five had failed to list a conviction that was later found to exist. He testified that the only way to tell for sure would be to examine the county clerk's records and that he did not do so. Gulley testified and admitted having written bad checks approximately twenty years ago and that she had gone to court to make payment arrangements. She said that the records she had sealed after the hearing in *Gulley I* related to her hot-check charges in case No. CW97-C-10914 and case No. CW03-C-2635. The State introduced certified copies of the Conway District Court's docket sheets reflecting those convictions.

Gulley argued at the hearing that the relief sought was res judicata because Pulaski County had been a party in *Gulley I* and could have raised its arguments for removal there but chose not to. She also contended that the docket sheet evidence was insufficient to establish a conviction within the meaning of article 5, section 9 of the Arkansas Constitution when she presented competing evidence that there had been no conviction. The circuit court declined to apply res judicata and concluded that appellants demonstrated a likelihood of success on the merits because Gulley had either pled to or was found guilty of two misdemeanor violations of Arkansas's hot-check law. It also determined that they showed irreparable harm because of the issues that her continued participation in quorum court activities could cause. The motion for a temporary restraining order was converted to a

4

motion for a preliminary injunction, which the circuit court granted on July 22.[1] Gulley filed a timely appeal.

This interlocutory appeal concerns only the circuit court's order granting a preliminary injunction. Rule 65 of the Arkansas Rules of Civil Procedure governs the issuance of preliminary injunctions. In determining whether to issue a preliminary injunction pursuant to Rule 65, the circuit court must consider two issues: (1) whether irreparable harm will result in the absence of an injunction or restraining order and (2) whether the moving party has demonstrated a likelihood of success on the merits. *City of Jacksonville v. Smith*, 2018 Ark. 87, 540 S.W.3d 661. This court reviews the grant of a preliminary injunction under an abuse-of-discretion standard. *Id.* An abuse of discretion occurs when the circuit court exercises its discretion thoughtlessly and without due consideration. *Harris v. Crawford Cnty. Bd. of Election Comm'rs*, 2022 Ark. 160, 651 S.W.3d 703. Additionally, an abuse of discretion may be manifested by an erroneous interpretation of law. *Id.* When an appeal reaches an appellate court via an order granting a preliminary injunction, the appellate court will not delve into the merits of the case further than is necessary to determine whether the circuit court exceeded its discretion in granting the injunction. *Baptist Health v. Murphy*, 365 Ark. 115, 226 S.W.3d 800 (2006).

---

[1]Although Gulley's initial term has expired, the circuit court indicated at the hearing that Gulley's opponent was disqualified and stated that "now we have nobody." Pursuant to article 19, section 5 of the Arkansas Constitution, a justice of the peace may continue in office after the expiration of the justice's term until a successor is qualified. *Faulkner v. Woodard*, 203 Ark. 254, 156 S.W.2d 243 (1941). On September 13, 2022, the circuit court entered an order staying further proceedings pending resolution of this appeal. The circuit court has yet to make a final decision on the merits as to whether Gulley must be removed from office.

5

With these standards in mind, we turn to Gulley's points on appeal. She first contends that the circuit court abused its discretion by granting the injunction because the issue of her eligibility to continue holding office could and should have been addressed in *Gulley I*. Gulley insists that appellees cannot succeed on the merits of their underlying case because this case is based on the same events as in *Gulley I*, and the doctrine of res judicata therefore precludes consideration of her removal.

The purpose of res judicata is to put an end to litigation by preventing a party who has already had a fair trial on the matter from litigating it again. *Hardy v. Hardy*, 2011 Ark. 82, 380 S.W.3d 354. Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 231 S.W.3d 628 (2006). Res judicata bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. *McWhorter v. McWhorter*, 2009 Ark. 458, 344 S.W.3d 64.

There are two facets to res judicata: issue preclusion and claim preclusion. *DeSoto Gathering Co., LLC v. Hill*, 2018 Ark. 103, 541 S.W.3d 415. Gulley asserts that appellees' motion is barred by the claim-preclusion aspect of res judicata. This facet of res judicata bars relitigation of a subsequent suit when five factors are present: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *DeSoto Gathering*, 2018 Ark. 10, 541 S.W.3d 415. Privity exists when two parties are so identified with one another

that they represent the same legal right. *Crockett v. C.A.G. Invs., Inc.*, 2011 Ark. 208, 381 S.W.3d 793.

In this case, not all of the factors necessary for res judicata's application are satisfied. First, the State of Arkansas was not a party in *Gulley I*. Additionally, no party in *Gulley I* was so identified with the State that it could be said to represent the State's rights and be the State's privy. The action allowed under section 16-118-105 is a petition for writ of quo warranto and, in this instance, had to be initiated by the State. *Pederson v. Stracener*, 354 Ark. 716, 128 S.W.3d 818 (2003). Thus, it was impossible for Pulaski County or the Robinsons to act as a privy for the State in *Gulley I* or to bring this action on its behalf. Second, the issues in the two cases are different. *Gulley I* involved a pre-election challenge to Gulley's eligibility to be a candidate for justice of the peace. In contrast, the issue in this case is Gulley's removal from office and the return of salary and benefits. The State's absence in *Gulley I* not only demonstrates that the parties were different there but also highlights the fact that the issues in the two cases are different. Because *Gulley I* involved different parties and issues, res judicata does not apply.

Gulley next argues that the circuit court abused its discretion by granting a preliminary injunction because the evidence of her convictions was insufficient in the face of the evidence that she presented. Gulley contends that the circuit court should not have relied on certified docket sheets reflecting her convictions when she provided a background check from the Arkansas State Police that did not show any convictions. Gulley also points to Dallas's testimony that very few criminal background checks fail to list all convictions.

7

Gulley's challenge here is to the circuit court's factual determination that she had hot-check convictions. Although we review a circuit court's decision to grant a preliminary injunction on an abuse-of-discretion standard, factual findings that lead to a circuit court's conclusion of irreparable harm and likelihood of success on the merits will not be set aside unless clearly erroneous. *Thurston v. Safe Surgery of Ark.*, 2021 Ark. 55, 619 S.W.3d 1. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Chekuri v. Nekkalapudi*, 2020 Ark. 74, 593 S.W.3d 467.

Evidence supporting Gulley's convictions included certified docket sheets from the Conway District Court reflecting her two convictions. Additionally, at the July 20 hearing, Gulley testified that she had written bad checks in the past. She conceded that she went to court to make payment arrangements and that these events occurred during the time period shown on the docket sheets. Gulley also said that she had her criminal record sealed after a hearing in *Gulley I*. In light of the evidence presented, we cannot say that the circuit court's conclusion that Gulley had hot-check convictions is clearly erroneous.

Based on its finding that Gulley had been convicted of hot-check violations, the circuit court concluded that appellees demonstrated a likelihood of success because Gulley's convictions were considered "infamous crimes."[2] Citing testimony from the quorum court's parliamentarian that Gulley's continued participation could impact quorum court proceedings and outcomes and open them to contest, the circuit court found that appellants

---

[2]Gulley does not challenge the circuit court's conclusion that her convictions qualified as infamous crimes pursuant to article 5 section 9.

successfully demonstrated that they would suffer irreparable harm. Therefore, the circuit court did not act thoughtlessly and without due consideration, and its order was not an abuse of discretion. *Harris*, 2022 Ark. 160, 651 S.W.3d 703.

In sum, res judicata does not bar appellees' petition to remove Gulley from office. Additionally, we cannot say that the circuit court clearly erred in finding that Gulley had been convicted of disqualifying offenses or abused its discretion in determining that appellees demonstrated a likelihood of success on the merits and that irreparable harm will result in the absence of an injunction. Accordingly, we affirm.

Affirmed.

WYNNE, WOMACK, and WEBB, JJ., dissent.

**ROBIN F. WYNNE, Justice, dissenting.** The preliminary injunction at issue on appeal enjoined Gulley from exercising any powers as a justice of the peace or participating as a justice of the peace in the Pulaski County Quorum Court or its committees. It is not clear, however, whether Gulley continues in office beyond the expiration of her term at the end of 2022. Because the preliminary injunction might very well be moot at this point, I would order supplemental briefing on that issue.

I respectfully dissent.

WOMACK, J., joins.

**BARBARA W. WEBB, Justice, dissenting.** I dissent. Generally, appellate courts of this state will not review issues that are moot. *Allison v. Lee Cnty. Election Comm'n*, 359 Ark. 388, 198 S.W.3d 113 (2004). A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Id*. While this

court is obligated to raise the issue of mootness on its own motion, *see Watts v. Searcy Cnty. Bd. of Elections*, 364 Ark. 452, 220 S.W.3d 642 (2005), out of an abundance of caution, I voted to order supplemental briefing on this issue. I cannot agree that the holdover provisions in article 19, section 5 of the Arkansas Constitution conclude the question.

As the majority notes, prior to the entry of the preliminary injunction on July 22, 2022, another order entered on May 10, 2022, found Gulley ineligible to hold the office of justice of the peace and ineligible to file for or seek reelection to that office. *Robinson v. Gulley*, No. 60CV-22-2813 (*Gulley I*). In *Wood v. Miller*, 154 Ark. 318, 321, 242 S.W. 573, 574, (1922), this court stated: "Where the *legal* incumbent of an office is authorized by law to hold over after expiration of his term until his successor is elected and qualified, the period of his holding over is as much a part of the term as the regular period fixed by law." (Emphasis added.) While that finding is not sufficient to remove Gulley from office——that must be addressed by a properly pursued action in quo warranto—nonetheless Gulley's right to holdover in office is, at best, far from being a legal certainty.

Moreover, contained in the record, as cited by the majority, is recognition by the circuit court that both Gulley and the other potential nominee were ineligible to run for the office. The discovery that there were no qualified candidates in the 2022 election created a vacancy. This vacancy should be addressed forthwith. In my view, the only irreparable harm in this case is a judicially mandated lack of representation of the people in Pulaski County Justice of the Peace District 10.

I respectfully dissent.

*Matthew D. Campbell*, for appellant.

*Adam Fogleman*, *Valetta Smith*, *Frank LaPort-Jenner*, and *Dominique Lane*, Pulaski County Attorney's Office, for appellee Pulaski County *ex rel.* Barry Hyde, Pulaski County Judge.

*Tim Griffin*, Att'y Gen., by: *Maryna Jackson*, Sr. Ass't Att'y Gen.; and *Matthew M. Ford*, Ass't Att'y Gen., for appellee State of Arkansas *ex rel.* Larry Jegley, Sixth Judicial District Prosecuting Attorney.