Cite as 2025 Ark. 102
# SUPREME COURT OF ARKANSAS
No. CV–24–199

| | |
|---|---|
| | **Opinion Delivered:** June 5, 2025 |
| SARAH SANDERS, IN HER OFFICIAL CAPACITY AS GOVERNOR OF ARKANSAS; LINDSAY WALLACE, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE ARKANSAS DEPARTMENT OF CORRECTIONS; AND THE ARKANSAS DEPARTMENT OF CORRECTIONS<br><br>APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-23-9598]<br><br>HONORABLE PATRICIA JAMES, JUDGE |
| V. | |
| ARKANSAS BOARD OF CORRECTIONS; AND BENNY MAGNESS, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE ARKANSAS BOARD OF CORRECTIONS<br><br>APPELLEES | <u>MOTION TO REMAND WITH INSTRUCTIONS TO VACATE PRELIMINARY INJUNCTION AND DISMISS AS MOOT DENIED; MOTION TO DISQUALIFY DISMISSED; AFFIRMED</u>. |

**KAREN R. BAKER, Chief Justice**

Appellants Sarah Sanders, in her official capacity as Governor of Arkansas; Lindsay

Wallace, in her official capacity as Secretary of the Arkansas Department of Corrections;[1]

and the Arkansas Department of Corrections appeal the Pulaski County Circuit Court's

---

[1] When the complaint was filed, Joe Profiri was the Secretary of the Arkansas Department of Corrections. The underlying facts of this appeal arose during his tenure as Secretary. However, Lindsay Wallace is currently the Secretary of the Arkansas Department of Corrections.

order granting a preliminary injunction in favor of appellees Arkansas Board of Corrections; and Benny Magness, in his official capacity as chairman of the Arkansas Board of Corrections (collectively, the "Board"). In this interlocutory appeal, appellants argue that the circuit court erred in concluding that the Board showed irreparable harm. We affirm.

On December 14, 2023, the Board filed its complaint against appellants seeking declaratory and injunctive relief. The Board took issue with the constitutionality of Acts 185 and 659 of 2023 (collectively, the "Challenged Legislation"). According to the Board, amendment 33 of the Arkansas Constitution protects the vested powers of constitutional boards like the Board from usurpation by the Governor or the General Assembly, or both. The Board claimed that despite the plain text of amendment 33, Act 185 amended Arkansas Code Annotated section 25-43-403(a)(2)(A) (Repl. 2024) to require the Secretary to serve at the pleasure of the Governor rather than the Board, and Act 659 amended sections 12–27-107(c) (Supp. 2023) and 12-27-126(c) (Supp. 2023) to alter the reporting structure for the directors of the Division of Correction and the Division of Community Correction, requiring them to serve at the pleasure of the Secretary rather than at the pleasure of the Board. The Board sought a declaratory judgment that the Challenged Legislation is illegal, ultra vires, and otherwise unconstitutional under amendment 33. The Board also sought a permanent injunction restraining appellants from enforcing the Challenged Legislation.

On December 14, the Board held an emergency meeting. During the meeting, the Board authorized the filing of the present lawsuit and voted to place Secretary Profiri on leave-with-pay status pending further order of the circuit court. The Board contended that a temporary restraining order (TRO) or preliminary injunction was necessary. The Board

further alleged that an immediate restraining order was necessary to restore the status quo, protect the Board's power under amendment 33, and allow the Board to effectively manage the Secretary of Corrections.

On the same day, the Board filed its separate motion for a TRO or preliminary injunction. The Board requested that the circuit court temporarily restrain or preliminarily enjoin appellants from enforcing the Challenged Legislation. The Board explained that it is likely to succeed on the merits, and absent a TRO or preliminary injunction, the Board will continue to suffer irreparable harm.

On December 15, the circuit court granted the TRO enjoining enforcement of the Challenged Legislation. The circuit court explained that a justiciable controversy existed among the parties because the Board plausibly alleged that the Challenged Legislation unlawfully transferred the Board's power to manage and oversee the Department of Corrections—including the Secretary of Corrections and the directors of the Division of Correction and the Division of Community Correction—to the Governor and the Secretary of Corrections. The circuit court also set a hearing to determine whether the TRO should be converted to a preliminary injunction.

On December 18, appellants filed a motion to dismiss the Board's complaint and a motion to disqualify the Board's special counsel, Abtin Mehdizadegan. Appellants argued that his representation was in violation of Ark. Code Ann. § 25-16-702 (Repl. 2024), because the Board did not obtain the requisite approval before retaining Mehdizadegan. Appellants argued that section 25-16-711 (Repl. 2024), which the Board relies on for authority to hire special counsel, does not apply because the Board is not a "constitutional

3

officer" as required by the statute. On December 20, the Board filed an emergency motion to disqualify the Office of the Attorney General explaining that the Attorney General currently represents the individual members of the Board in a federal class-action lawsuit. However, the Board argued that because it never waived a conflict with the Attorney General, the Attorney General's Office must be disqualified from further proceedings in this action.

A hearing was held on January 4, 2024. Magness testified as to the following facts. He has served on the Board for twenty-four years and has been the Board's chairman for nineteen years. Magness testified that the Board's role is to manage the operation of the Department of Corrections. Magness testified about a November 6, 2023 letter from Director Payne requesting approval for an additional 622 beds. Additional beds were requested for Ouachita River Correctional Unit, North Central Unit, Ester Unit, McPherson Unit, and Max Unit. Magness testified that it was his understanding that Director Payne prepared this request at the direction of Secretary Profiri. Magness later learned that Secretary Profiri had already added beds to the Ouachita and North Central Units prior to submitting this request to the Board. The Board ultimately approved the additional beds for the Ouachita and North Central Units at the November 6 meeting and later approved all the requested beds except the Max Unit beds due to staffing shortages.

On January 19, the circuit court entered its order. The circuit court denied the Board's motion to disqualify the Attorney General's Office.[2] The circuit court denied

---

[2]The circuit court noted its concern regarding Senior Assistant Attorney General Christine Cryer's prior employment with the Department of Corrections. The court noted that while there is no allegation that Cryer did anything improper, the appearance of

4

Governor Sanders's motion to disqualify Mehdizadegan and his firm as special counsel, explaining that the Board is a constitutionally created board, making its members constitutional officers for purposes of Ark. Code Ann. § 25-16-711. The motion to dismiss was also denied. As to the preliminary injunction, the circuit court found that the Board was entitled to relief because it had demonstrated irreparable harm in the absence of an injunction and likelihood of success on the merits. Accordingly, the circuit court granted the motion for preliminary injunction and enforcement of the Challenged Legislation remained enjoined.

Appellants timely filed a notice of appeal. After the appeal was lodged in this court, appellants filed two motions with this court: (1) on July 24, 2024, a motion to remand with instructions to vacate the preliminary injunction and dismiss as moot and (2) on March 7, 2025, a motion to disqualify the Board's counsel from further participation in proceedings before this court. We took both motions with the case.

## I. *Motion to Remand*

We first turn to appellants' motion to remand with instructions to vacate the preliminary injunction and dismiss as moot. Appellants argue that the controversy giving rise to the dispute ended when the Board fired Secretary Profiri. They assert that because Secretary Profiri was fired prior to the entry of the preliminary injunction, the circuit court's

---

impropriety was concerning. The circuit court ordered that Cryer and Assistant Attorney General Justin Brascher no longer participate in the case. We note that Cryer and Brascher filed a motion to withdraw as counsel on January 5, 2024. On January 9, the circuit court entered its order withdrawing Cryer and Brascher as counsel.

finding of irreparable harm was erroneous. Additionally, appellants assert that as soon as Profiri was no longer serving as Secretary, this mooted the controversy between the parties.

The Board responds that it did not seek relief to fire former Secretary Profiri. Instead, the Board sought injunctive relief to enjoin the enforcement of the Challenged Legislation and declaratory relief regarding the powers of the Board under amendment 33. Secretary Profiri's termination does not resolve the ultimate question of whether the Board controls the Secretary and the division directors. Therefore, the dispute between the parties is not personal to the specific individual holding the Secretary's office.

As a general rule, the appellate courts of this state will not review issues that are moot because to do so would be to render an advisory opinion. *Lott v. Langley*, 2013 Ark. 247 (citing *Allison v. Lee Cnty. Election Comm'n*, 359 Ark. 388, 198 S.W.3d 113 (2004)). Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.*

The Board's complaint concerns the Challenged Legislation and the resulting changes to the Board's supervisory authority. This dispute exists notwithstanding the individual who holds the Secretary position and is not personal to Secretary Profiri. Further, because this case presents an existing legal controversy, it is not moot. Therefore, we deny appellants' motion to remand.

II. *Motion to Disqualify*

Next, appellants filed a motion to disqualify the Board's counsel, arguing that the Board's counsel must be disqualified from further representing the Board before this court because the firm's retention was illegal. Appellants argue that the Board did not follow the

6

mandatory process set out in Ark. Code. Ann. § 25-16-702 for securing outside counsel. It is appellants' position that section 25-16-711 did not provide the Board with authority to hire special counsel because the Board is not a constitutional officer.

As stated above, the circuit court denied appellants' motion to disqualify the Board's counsel. The circuit court explained that the Board is a constitutionally created board, making its members constitutional officers for purposes of section 25-16-711. Thus, the circuit court found that the Board had the legal authority to hire special counsel pursuant to section 25-16-711.

The Board correctly points out that "an order denying a motion to disqualify adversary's counsel in a civil proceeding is not an appealable final order." *Clark v. Clark*, 319 Ark. 193, 196–97, 890 S.W.2d 267, 269 (1995). "As a general rule, an appeal from an interlocutory decision brings up for review only the decision from which the appeal was taken, here, the granting of an injunction." *Villines v. Harris*, 340 Ark. 319, 323, 11 S.W.3d 516, 518 (2000). Accordingly, because the motion to disqualify is outside the scope of our interlocutory review of the order granting the preliminary injunction, we dismiss the motion to disqualify.

III. *Preliminary Injunction*

Regarding the merits of this appeal, appellants argue that the circuit court erred in issuing the preliminary injunction because the Board failed to demonstrate irreparable harm. Appellants do not challenge the Board's likelihood of success on the merits.

In determining whether to issue a preliminary injunction pursuant to Arkansas Rule of Civil Procedure 65, the circuit court must consider two things: (1) whether irreparable

7

harm will result in the absence of an injunction, and (2) whether the moving party has demonstrated a likelihood of success on the merits. *Baptist Health v. Murphy*, 365 Ark. 115, 226 S.W.3d 800 (2006). This court reviews the grant of a preliminary injunction under an abuse-of-discretion standard. *Id.* The standard of review is the same for the two essential components of a preliminary injunction: irreparable harm and likelihood of success on the merits. *Id.* There may be factual findings by a circuit court that lead to conclusions of irreparable harm and likelihood of success on the merits, and those findings shall not be set aside unless clearly erroneous, but a conclusion that irreparable harm will result or that the party requesting the injunction is likely to succeed on the merits is subject to review under an abuse-of-discretion standard. *Id.*

When an appeal reaches a court via an order granting a preliminary injunction, the appellate court will not delve into the merits of the case further than is necessary to determine whether the circuit court exceeded its discretion in granting the injunction. *Id.* The sole question before the appellate court is whether the circuit court "departed from the rules and principles of equity in making the order"—and not whether the appellate court would have made the order. *Id.* at 121–22, 226 S.W.3d at 806–07.

Irreparable harm is "the touchstone of injunctive relief." *United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc.*, 353 Ark. 902, 905–07, 120 S.W.3d 89, 92 (2003) (citing *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997) (holding that the prospect of irreparable harm is the foundation of the power to issue injunctive relief)). Further, we have said that harm is normally considered irreparable only

when it cannot be adequately compensated by money damages or redressed in a court of law. *AJ&K Operating Co., Inc. v. Smith*, 355 Ark. 510, 140 S.W.3d 475 (2004).

On the issue of irreparable harm, the circuit court found that, in light of obvious institutional and public safety issues impacted by management decisions within the Department of Corrections, the balance of the equities weighed heavily in favor of enjoining the Challenged Legislation when measured against the importance of immediate enforcement of Acts 185 and 659. The circuit court explained that this harm cannot be adequately compensated by money damages and that the dispute will clearly be ongoing until this matter is fully resolved.

Appellants challenge the preliminary-injunction order on multiple grounds related to whether the Board demonstrated irreparable harm. First, appellants argue that any possibility that former Secretary Profiri could "disobey" the Board evaporated once the Board terminated Profiri—before the preliminary injunction was entered. Second, appellants argue that the Board failed to demonstrate irreparable harm because the Board approved additional bed space after Secretary Profiri made the request. As stated above, the Board's complaint concerns the Challenged Legislation and the resulting changes to the Board's authority. The Board alleged that its vested constitutional rights under amendment 33 were violated not by Secretary Profiri as an individual but by the Challenged Legislation authorizing appellants' actions. Again, this dispute exists notwithstanding the individual holding the Secretary position and is not personal to Secretary Profiri.

Also, appellants argue that the Board could not demonstrate irreparable harm because the Board had governing authority to undo Secretary Profiri's actions. Specifically,

9

appellants argue that even before the Board terminated Secretary Profiri, the Board could not show irreparable harm because the Board itself could have simply undone his actions with which they disagreed. As the Board points out, this argument would prevent challenges to the constitutionality of legislation simply because the unconstitutional acts could be undone. Thus, we do not find appellants' argument persuasive.

While we review the entire decision granting the temporary injunction under an abuse-of-discretion standard, we have repeatedly said that the circuit court's factual findings will not be set aside on review unless they are clearly erroneous. *See Baptist Health, supra*; *see also Gulley v. State ex rel. Jegley*, 2023 Ark. 70, 664 S.W.3d 421. We conclude that the circuit court's factual findings that there would be irreparable harm were not clearly erroneous. The crux of the Board's lawsuit is whether the Board retains the ultimate authority to direct the Secretary and the directors or whether the Challenged Legislation now gives the Governor and the Secretary that authority. The evidence presented to the circuit court demonstrates that, in the absence of the injunction, the dispute will be ongoing until the constitutionality of the Challenged Legislation is resolved. This, coupled with appellants' failure to even argue their likelihood of success on the merits, leaves us with little choice under our deferential standard of review. We hold that the circuit court did not abuse its discretion in determining that the Board demonstrated that irreparable harm would result in the absence of the requested preliminary injunction, and we affirm.

Motion to remand with instructions to vacate preliminary injunction and dismiss as moot denied; motion to disqualify dismissed; affirmed.

Special Justices TROY BRASWELL and BUD CUMMINS join.

WEBB, J., concurs in part and dissents in part.

WOMACK, J., dissents.

HILAND and BRONNI, JJ., not participating.

**BARBARA W. WEBB, Justice, concurring in part and dissenting in part.** I agree with the majority that this matter is not moot, as Secretary Profiri's termination does not resolve the question whether Acts 185 and 659 of 2023 are constitutional. I further agree that disqualification of the Board's counsel is not appropriate at this moment.[1] However, the Board failed to demonstrate *irreparable* harm. The circuit court therefore erred by enjoining the challenged acts.

The prospect of irreparable harm or lack of an otherwise adequate remedy is the foundation of the power to issue injunctive relief. *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997). Harm is normally considered irreparable only when it cannot be adequately compensated by money damages or redressed in a court of law. *Three Sisters Petroleum v. Langley*, 348 Ark. 167, 72 S.W.3d 95 (2002).

The crux of the Board's claim for irreparable harm was Secretary Profiri's alleged acts of insubordination, which were directly attributable to Act 185 requiring the Secretary to serve at the pleasure of the Governor rather than the Board. This harm is not irreparable. The term "irreparable" is defined as "[i]ncapable of being rectified, restored, remedied, cured, regained or repaired; that cannot be made right or good." *Irreparable, Black's Law Dictionary* (12th ed. 2024). In response to Secretary Profiri's alleged insubordination, the

---

[1] I note that the Board's hiring of special counsel may represent an illegal exaction under article 16, section 13 of the Arkansas Constitution.

11

Board initially placed him on leave before terminating him altogether. This occurred before the injunction was entered. Both parties acknowledge that Secretary Profiri has been removed. Further, the Board retains the authority to rescind any of Secretary Profiri's actions. *See* Ark. Code Ann. 25-43-401(b)(1)(B) (Repl. 2024) (providing that the Board is the governing authority of the Department of Corrections).

By definition, if a secretary may be terminated and his actions undone, then it cannot be said that any harm resulting therefrom is "irreparable." Accordingly, the circuit court erred in granting injunctive relief.

I concur in part and dissent in part.

WOMACK, J., joins.

**SHAWN A. WOMACK, Justice, dissenting.** Because sovereign immunity bars the Board of Corrections' lawsuit against Governor Sanders, Secretary Wallace, and the Department of Corrections, this court must vacate the preliminary injunction and dismiss the lawsuit.[1] Even if that was not so, the Board would still lose because it failed to show irreparable harm—a necessary element to establish entitlement to a preliminary injunction.[2] Therefore, I also join the other dissenting opinion in this case. On the issue of the disqualification of the Board's potentially illegally retained counsel, I again remind the

---

[1] *Griffin v. Ark. Bd. of Corrs.*, 2025 Ark. 81, at 11 (Womack, J., dissenting) ("[I]n those rare instances when the State is both the plaintiff and the defendant—as it is here—sovereign immunity applies, and the underlying lawsuit is barred."); *see also Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting) ("[A]bsent an express constitutional provision to the contrary[,]" the State "shall never be a defendant in any of its courts.").

[2] *Ark. Dep't of Educ. v. Jackson*, 2023 Ark. 105, at 7, 669 S.W.3d 1, 6.

citizens of this state of their ability to protect themselves "against the enforcement of any illegal exactions whatever."[3]

I respectfully dissent.

*Tim Griffin*, Att'y Gen., by: *Dylan L. Jacobs*, Deputy Solicitor Gen., for appellants.

*Hall, Booth Smith, P.C.*, by: *Abtin Mehdizadegan*, *Joseph M. Kraska*, *Joseph C. Stepina*, and *Julie A. Hill*, for appellees.

---

[3]Ark. Const. art. 16, § 13; *see also Griffin*, 2025 Ark. 81, at 12–13 (Womack, J., dissenting).